**PEARL ELLEN GARDNER**
3492 W. 19th Place
Yuma, Arizona 85364
(928) 509-9216
Plaintiff Pro Per

*Document Prepared By:*

*Cecilia Alcala, AZCLDP #81474*

☒ FILED  ☐ LODGED

**OCT 15 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re the Matter of: | **Case No.** 2:25-cv-2828-MTL |
| **PEARL GARDNER**, | |
| Plaintiff, | |
| and | |
| **NATION MORTGAGE LLC DBA MR. COOPER; AMERICA WEST LENDING SERVICES, LLC; MORTGAGE ELECTRIC REGISTRATION SYSTEMS INC., FEDERAL HOUSING ADMINISTRATION (FHA), A FEDERAL ADMINISTRATION**, | **SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE** **(Honorable Michael T. Liburdi)** |
| Defendant(s). | |

Plaintiff, PEARL GARDNER, appearing pro per, hereby submits her supplemental response to *Petition for Order to Show Cause* previously filed in this matter. I allege, under oath, as follows:

Page 1 of 4

*Alcala Legal Documents & Services, LLC*
*150 West Court Street, Suite A*
*Yuma, Arizona, 85364*
*928.366.4022*

**STATEMENT OF FACTS**

1. Plaintiff is a pro per litigant who was following the legal advice and document preparation of Clearpoint Strategy Inc., 333 S. Grand Avenue, Sute 3310, Los Angeles, California 90071, Paul Vierra, Chief Strategy Officer and Juan Rodriguez, Chief Strategy Officer. A copy of Clearpoint Strategy Inc. invoice and receipt; and email correspondence in regards to the prepared documents for this case are hereby attached and incorporated by reference.

2. Plaintiff trusted and relied on the advice provided by Clearpoint Strategy Inc. and the promise that Clearpoint gave to safe Plaintiff's residence. Plaintiff after the loss of her husband, was left to manage the house payments and utilities on her own. Plaintiff was ignorant to the procedures and process as her late husband would handle all of the finances.

3. In desperation, Plaintiff was referred to Clearpoint by a recognized title company. Clearpoint avowed that they would be able to help and prevent Plaintiff from losing her home. Plaintiff did not comprehend what documents were being filed. Plaintiff relied on the legal advice provided and followed instructions given by Clearpoint, as they called themselves the "Litigation Team".

4. Plaintiff with sacrifice and hopeful that she was receiving the help needed to avoid a foreclosure, paid Clearpoint an initial deposit of $1,000.00 as a retainer for the legal services. Plaintiff continued paying a monthly payment of $1,000.00 from April 2024 until September 2025 for legal representation and advice and document preparation.

5. Plaintiff would often reach out to Juan Rodriguez as he was the main person working on her case in order to get clarification and understanding of the case but at no avail. Plaintiff in

desperation and anguish of not knowing or understanding what was happening with her case, but fully aware that a hearing was scheduled for September 26, 2025 with the Honorable Michael T. Liburdi, reached out for help to a friend who explained the documents prepared by Clearpoint.

6. Plaintiff after understanding that Clearpoint had prepared documents for her misrepresenting and citing non excitant case law using artificial intelligence (AI) software decided to contact Carson Emmons Esq., prior to the hearing with an attempt to enter into a stipulated agreement to Dismiss the entirety of the case and to not pursue the Preliminary Injunction hearing, upon learning that she had been misrepresented and taken advantage of her vulnerable situation. Plaintiff is seeking for reinstatement of her loan and does not which to pursue any litigation contrary to reinstatement.

7. Plaintiff is currently working with Carson Emmons Esq. to reach a possible stipulation of Dismissal and to file a joint status report prior to the Status Conference scheduled October 15, 2025 at 2:30 pm with the Honorable Michael T. Liburdi.

**WHEREFORE**, and based upon the above, I respectfully ask the Court for the following:

A. Find that Clearpoint misrepresented Plaintiff by providing nonexistent artificial intelligence (AI) citations, provided legal advice, and monetarily exploited Plaintiff due to her vulnerable situation;

B.  Order that the Case be Dismissed in its entirety with each party bearing their own legal fees and costs.

C.  For such other and further relief as the Court deems just and proper in the circumstances.

**I, Pearl Gardner, the undersigned swear or affirm and say that I am a party in the above captioned action, I have read the foregoing and know the contents thereof; and the statements and matters alleged are true of my own personal knowledge, except to those matters stated upon the best of my knowledge and belief and, as to such matters, I believe them to be true, subject to the penalties of making a false affidavit or declaration.**

**RESPECTFULLY SUBMITTED**, this 7th day of October, 2025.

                                                  __/s/Pearl Gardner_____
                                                  Pearl Gardner
                                                  Plaintiff Pro Per

**ELECTRONICALLY FILED AND SERVED**
**Via e-filed distribution*/mailed ***
this 7th day of October, 2025 to:

**\*HONORABLE MICHAEL T. LIBURDI**

**\*\*ALBERTELLI LAW**
Carson T. H. Emmons, Esq.
2111 East Highland Avenue, Ste. B405
Phoenix, Arizona 85016-4799
aznotices@alaw.net
*Attorneys for Defendants Nationstar, AWEST, and MERS*

By: ___/s/Pearl Gardner____
        Pearl Gardner

**INVOICE**

**Clearpoint Strategy Inc**
333 S Grand Ave Ste 3310
Los Angeles, CA 90071

jrodriguez@clearpointstg.com
+1 (213) 335-6710

 CLEARPOINT

**Bill to**
Pearl Gardner
3492 W 19th Pl
Yuma, AZ 85364

**Ship to**
Pearl Gardner
3492 W 19th Pl
Yuma, AZ 85364

**Invoice details**
Invoice no.: 1032
Terms: Net 30
Invoice date: 04/24/2025
Due date: 05/24/2025

| # | Product or service | Description | Qty | Rate | Amount |
|---|---|---|---|---|---|
| 1. | Initial Deposit | Initial deposit for monthly retainer of providing document preparation services | 1 | $1,000.00 | $1,000.00 |

Total  $1,000.00

**Ways to pay**



View and pay



Payment receipt

# You paid $1,000.00

to Clearpoint Strategy Inc on 5/28/2025

| | |
|---|---|
| Invoice no. | 1063 |
| Invoice amount | $1,000.00 |
| Total | $1,000.00 |
| | |
| Status | Paid |
| Payment method | Credit Card |
| Authorization ID | MS0275076231 |

Thank you



**Clearpoint Strategy Inc**

2133356710

jrodriguez@clearpointstg.com
333 S Grand Ave Ste 3310, Los Angeles, CA 90071

No additional transfer fees or taxes apply.

Intuit Payments Inc (IPI) processes payments as an agent of the business. Payments processed by IPI constitutes payment to the business and satisfies your obligation to pay the business, including in connection with any dispute or case, in law or equity. Money movement services are provided by IPI pursuant to IPI&apos;s licenses (NMLS #1098819, https://www.intuit.com/legal/licenses/payment-licenses). IPI is located at 2700 Coast Avenue, Mountain View, CA 94043, 1-888-536-4801.

Paul Vierra

Chief Strategy Officer

Clearpoint Strategy, Inc.

333 S. Grand Ave, Suite 3310

Los Angeles, CA 90071

Direct Line: 213-799-2988

10/14/25, 1:14 AM
Alcala Legal Documents and Services Mail - Fwd: Follow-Up on Motion to Appear Remotely & Hearing Status



Cecilia Alcala <cecilia@aldsyuma.com>

## Fwd: Follow-Up on Motion to Appear Remotely & Hearing Status
1 message

**Pearl Gardner** <dolphin853643492@gmail.com>  Sat, Sep 27, 2025 at 6:30 AM
To: cecilia@aldsyuma.com

---------- Forwarded message ---------
From: **Juan Rodriguez** <jrodriguez@clearpointstg.com>
Date: Fri, Sep 26, 2025, 5:32 PM
Subject: Follow-Up on Motion to Appear Remotely & Hearing Status
To: Pearl Gardner <dolphin853643492@gmail.com>
Cc: Juan Rodriguez <jrodriguez@clearpointstg.com>, Paul Vierra <pvierra@clearpointstg.com>, John Flores <jflores@clearpointstg.com>

Dear Pearl,

I hope you're doing well. I wanted to follow up with you regarding the **Motion to Appear Remotely** that we prepared and submitted for your preliminary injunction hearing.

Have you had a chance to check with the court to confirm whether the judge reviewed and ruled on the motion? It would be helpful to know if the court formally approved your request to attend the hearing remotely. If they haven't yet responded, we may need to follow up directly to make sure it's brought to the judge's attention.

Additionally, I understand you had a **hearing scheduled for this morning**, and I just wanted to check in and see how everything went. Were you able to attend? And did the judge or opposing counsel provide any updates or rulings during the proceeding?

Any details you can share would be greatly appreciated, as it will help guide our next steps in your case.

Looking forward to hearing from you and continuing to support you through this process.

Best regards,

Juan Rodriguez
Chief Executive Officer
Clearpoint Strategy, Inc.
333 S Grand Ave, Suite 3310